IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ENRIQUE RAMOS-SANCHEZ, | : | Civil No. 1:21-CV-00009 |
| Petitioner, | : | |
| v. | : | |
| WARDEN FCC ALLENWOOD, | : | |
| Respondent. | : | Judge Jennifer P. Wilson |

### MEMORANDUM

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2241, in which Petitioner Enrique Ramos-Sanchez ("Ramos-Sanchez") asserts that the federal Bureau of Prisons ("BOP") has erroneously failed to apply time credit towards his sentence in accordance with the First Step Act. For the reasons that follow, the petition is denied without prejudice.

### BACKGROUND AND PROCEDURAL HISTORY

On November 8, 2007, Ramos-Sanchez pleaded guilty in this district to one count of conspiracy to manufacture, distribute, and possess with intent to manufacture and distribute heroin and fentanyl in violation of 21 U.S.C. § 846. *See* Doc.1-1; *United States v. Ramos-Sanchez,* No. 1:07-CR-00103 (M.D. Pa. Nov. 8, 2007). United States District Judge John E. Jones, III accepted the plea and subsequently sentenced Ramos-Sanchez to 210 months imprisonment. *Ramos-Sanchez,* No. 1:07-CR-00103 (M.D. Pa. Aug. 21, 2008). Ramos-Sanchez is

1

currently serving his sentence in FCI Allenwood in White Deer, Pennsylvania. (Doc. 1, p. 1.)[1]

Ramos-Sanchez filed the petition that initiated the present case on January 5, 2021, asserting that the BOP has erroneously failed to apply time credit towards his sentence in accordance with the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018) (codified in relevant part at 18 U.S.C. §§ 3631–3635). (Doc. 1.) Ramos-Sanchez additionally filed a brief in support of his petition, several exhibits, and a declaration from himself. (Docs. 1-1 to 1-3.)

According to Ramos-Sanchez's petition and accompanying brief, he was assigned to evidence-based recidivism reduction programs in accordance with 18 U.S.C. § 3633 at meetings with a BOP case manager in August 2019 and February 2020. (Doc. 1-1, pp. 2–3.) The case manager also determined that programs Ramos-Sanchez had been enrolled in since December 21, 2018 met the requirements of the First Step Act and would accordingly count towards Ramos-Sanchez's time credit. (*Id.* at 3.) Since his initial placement in the evidence-based recidivism reduction programs, Ramos-Sanchez has continued to participate in the programs for several years. (*Id.*)

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

Ramos-Sanchez asserts that his continued participation in evidence-based recidivism reduction programs should have resulted in an additional 365 days of time credit towards his sentence, which would have resulted in a release date of August 3, 2020. (*Id.*) Ramos-Sanchez presented this argument to the BOP and requested that the BOP apply the additional time credit to his sentence, but the BOP "categorically refused." (*Id.*) The BOP then "advised [Ramos-Sanchez] that any appeal through the administrative remedy process would be futile as they do not have to apply the credits until January, 2022." (*Id.*) Thus, although Ramos-Sanchez "want[ed] to exhaust his administrative remedies," he "did not" based on the BOP's purported representation that any exhaustion would be "futile." (*Id.*)

Respondent responded to the petition on February 4, 2021. (Doc. 6.) Respondent argues that the case should be dismissed based on Ramos-Sanchez's failure to exhaust. (*Id.* at 3–6.) Respondent further argues that if the petition is considered on its merits, it should be denied because Ramos-Sanchez is not entitled to additional time credit under the First Step Act. (*Id.* at 7–10.)

Ramos-Sanchez filed a reply brief on March 9, 2021. (Doc. 7.) In the reply brief, Ramos-Sanchez reiterates his argument that he is entitled to additional time credit. (*Id.* at 2–4.) Ramos-Sanchez additionally argues that exhaustion is excused because his petition presents "two narrow questions of statutory interpretation." (*Id.* at 4.) In making this argument, Ramos-Sanchez relies on two cases from the

United States District Court for the District of New Jersey, *Hare v. Ortiz*, No. 20-CV-14093, 2021 WL 391280, at *3 (D.N.J. Feb. 4, 2021) and *Goodman v. Ortiz*, No. 20-CV-07582, 2020 WL 5015613, at *2–3 (D.N.J. Aug. 25, 2020), where the court found that exhaustion was excused for claims in which a petitioner sought time credit under the First Step Act. (Doc. 7, p. 4.)

Because briefing on Ramos-Sanchez's petition is complete, the petition is ripe for the court's review. Ramos-Sanchez has additionally filed two motions since the conclusion of briefing on the petition, one styled as a "motion for immediate conditional release due to irreparable harm," the other styled as an "emergency motion for immediate conditional release and summary judgment." (Docs. 8–9.)

## JURISDICTION

This court has jurisdiction under 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States.

## STANDARD OF REVIEW

A United States district court may issue a writ of habeas corpus when a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## DISCUSSION

Although Respondent argues that Ramos-Sanchez has failed to exhaust administrative remedies, the court will not address the exhaustion argument because, as discussed below, the court finds that Ramos-Sanchez is not entitled to relief as to the merits of his claim. *See, e.g.*, *Guerrero v. Recktenwald*, 542 F. App'x 161, 163 (3d Cir. 2013) (holding that court may consider merits of petition under 28 U.S.C. § 2241 without considering whether petitioner has exhausted administrative remedies).

Ramos-Sanchez's claims are grounded in the First Step Act, which requires the BOP to develop a risk and needs assessment system to be used to classify inmates based on risk of recidivism and then assign inmates to evidence-based recidivism reduction programs. *See generally* 18 U.S.C. § 3632(a). The act provides that inmates who successfully complete evidence-based recidivism reduction programs shall be given certain "rewards," including, as relevant here, "10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." *Id.* § 3632(d)(4)(A)(i). The act specifies, however, that "[a] prisoner may not earn time credits under this paragraph for an evidence-based recidivism reduction program that the prisoner successfully completed prior to the date of enactment of this subchapter." *Id.* § 3632(d)(4)(B).

Based on the language of the First Step Act, Ramos-Sanchez asserts that he is entitled to time credit for his participation in evidence-based recidivism reduction programs after December 21, 2018, which was the date on which the First Step Act was enacted. (Doc. 1-1, p. 3.) The BOP, however, has advanced a contrary position through a proposed rule that was issued on November 25, 2020. *See* FSA Time Credits, 85 Fed. Reg. 75269, 75272 (proposed Nov. 25, 2020) (to be codified at 28 C.F.R. 523.42(d)(1)), 2020 WL 6889145. Under that proposed rule, an inmate may only earn time credit under the First Step Act for programs that the inmate completes on or after January 15, 2020. *Id.* Thus, the court must determine whether the agency's interpretation of the statute is entitled to *Chevron* deference. *See Chevron, U.S.A., Inc. v. Nat. Resources Defense Council, Inc.*, 467 U.S. 837, 842–43 (1984); *see also, e.g.*, *United States v. McGee*, 763 F.3d 304 (3d Cir. 2014) (applying *Chevron* deference to proposed rule).

To determine whether a rule is entitled to *Chevron* deference, a court must conduct a two-step analysis. *Chevron*, 467 U.S. at 842. First, the court must determine "whether Congress has directly spoken to the precise question at issue" in the language of the statute. *Id.* "If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Id.* at 842–43. If, on the other hand, "the statute is silent or ambiguous with respect to the specific issue, the

question for the court is whether the agency's answer is based on a permissible construction of the statute." *Id.* at 843. The court must defer to the agency's interpretation if it is a reasonable and permissible reading of the statute. *Id.* at 843–45.

The court begins its *Chevron* analysis with the text of the First Step Act, which states that an inmate may not earn time credit for programs that the inmate completed "prior to the date of enactment of this subchapter." 18 U.S.C. § 3632(d)(4)(B). The statute was enacted on December 21, 2018. *Id.* Ramos-Sanchez argues that the language of the statute therefore allows him to earn time credit for any programs completed after December 21, 2018. (*See* Doc. 1-1, p. 3.)

Notably, the District of New Jersey reached the same conclusion as Ramos-Sanchez in a case that was nearly identical to the present case. *See Hare*, 2021 WL 391280, at *6–7. In that case, the court noted that the date of enactment for § 3632(d)(4)(B) was December 21, 2018, and held that the statute unambiguously allowed an inmate to earn time credits for programs after that date. *Id.*

The court agrees with the *Hare* court that the language of § 3632(d)(4)(B) is unambiguous in setting December 21, 2018 as the statute's date of enactment, but finds that the unambiguous language does not answer the "precise question at issue," *Chevron*, 467 U.S. at 842, which is the date on which an inmate may begin to earn time credits under the First Step Act. By stating that credits may not be

7

earned for programs completed "prior to the date of enactment," the statute sets a negative condition on when time credits may be earned but does not set a positive condition on when the credits may be earned.  In other words, the statute makes clear that credits *may not* be earned prior to December 21, 2018, but is silent as to the effective date on which credits *may* be earned.

Therefore, because the statute is silent as to the precise question before the court, the court's task is to determine whether the BOP's attempt to fill in that gap is reasonable and permissible in light of the statutory language.  *Chevron*, 467 U.S. at 843–45.  The BOP's proposed rule states that an inmate may only earn credits under the First Step Act for programs that the inmate completes on or after January 15, 2020.  85 Fed. Reg. 75269, 75272, 2020 WL 6889145.

The court finds that the BOP's proposed rule is a reasonable and permissible reading of the statute.  Indeed, this court previously analyzed the language of the First Step Act prior to the issuance of the BOP's proposed order and reached the same conclusion: that an inmate could only obtain credits under the First Step Act for programs completed after January 15, 2020.  *See Kurti v. White*, No. 1:19-CV-02109, 2020 WL 2063871, at *4–5 (M.D. Pa. Apr. 29, 2020) (Wilson, J.).  The BOP's proposed rule that an inmate may only earn credit under the First Step Act for programs completed on or after January 15, 2020 is therefore entitled to *Chevron* deference.

In light of that conclusion, Ramos-Sanchez is not entitled to habeas corpus relief. Ramos-Sanchez's claim for relief is that the BOP has failed to apply credit for his participation in evidence-based recidivism reduction programs after December 21, 2018, *see* Doc. 1, p. 6, but he does not allege that he has completed any such programs on or after January 15, 2020. Although Ramos-Sanchez asserts in his reply brief that he has accumulated 202.5 days of credit after January 15, 2020, that assertion is rejected because it was made for the first time in a reply brief. *See, e.g.*, *Hewlette-Bullard ex rel. J.H-B. v. Pocono Mtn. Sch. Dist.*, __ F. Supp. 3d __, No. 3:19-CV-00076, 2021 WL 674240, at *17 n.10 (M.D. Pa. Feb. 22, 2021) ("It is improper for a party to present a new argument in a reply brief." (quoting *Interbusiness Bank, N.A. v. First Nat'l Bank of Mifflintown*, 328 F. Supp. 2d 522, 529 (M.D. Pa. 2004))). Therefore, because Ramos-Sanchez has failed to show that he is entitled to time credit under the First Step Act, the court will deny his petition without prejudice.

## CONCLUSION

For the foregoing reasons, Ramos-Sanchez's petition for writ of habeas corpus (Doc. 1) is denied without prejudice and his additional motions (Docs. 8–9) are denied as moot. An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: July 22, 2021